IN the INTEREST OF J.F.F., a child under the age of 18: STATE of Wisconsin, Appellant,

v.

J.F.F., Respondent.

Court of Appeals

*No. 90-2465. Submitted on briefs June 4, 1991.—Decided July 23, 1991.*

(Also reported in 473 N.W.2d 546.)

On behalf of the appellant, the cause was submitted on the briefs of *E. Michael McCann,* district attorney, and *David Robles,* assistant district attorney.

On behalf of the respondent, the cause was submitted on the briefs of *James P. McLinden* of *Gonzalez & Associates* of Milwaukee.

Before Moser, P.J., Sullivan and Fine, JJ.

FINE, J.   The State of Wisconsin appeals from a suppression order entered in a juvenile delinquency proceeding. We affirm.

## I.

On August 10, 1990, J.F.F., a juvenile, was charged with possession of cocaine with intent to deliver, as party to a crime, in violation of sections 161.16(2)(b)1, 161.41(1m), and 939.05, Stats.[1] Claiming that he was illegally searched, J.F.F. moved the trial court for an order suppressing the cocaine. The cocaine was discovered in a cigarette package police found in a pocket of his trousers.

---

[1]J.F.F. was born on November 9, 1973, and was thus sixteen on August 10, 1990. A person over the age of twelve but under eighteen is "delinquent" if he or she violates "any state or federal criminal law" except certain traffic and boating violations, and unless waived into adult court. Sections 48.02(3m), 48.17, and 48.18, Stats.

At the hearing on J.F.F.'s motion, John Andrews, a City of Milwaukee police officer, testified that while on patrol with another police officer at 1:25 a.m., they saw J.F.F. and another person walking together on a city street. According to Officer Andrews, J.F.F. was "carrying a stereo speaker that measured approximately two feet by three feet, and it had the speaker wire dangling down a couple of feet from the back of the stereo, back of the speaker." The officers stopped J.F.F. because they suspected the speaker might have been "taken in a burglary or through the commission of some other crime." They also patted him down to see if he had any weapons. Neither any weapons nor any cocaine were found.

J.F.F. and his companion told the officers that they were on their way home. The officers determined that J.F.F. was a juvenile and arrested him for violating the City of Milwaukee curfew, which prohibits persons under the age of seventeen from being "upon the public streets . . . in the city of Milwaukee . . . between the hours of 11 p.m. and 5 a.m. of the following day." Milwaukee Code of Ordinances 106-23 (2/91). J.F.F. was not arrested on suspicion of burglary or theft.

Officer Andrews testified that when stopped, J.F.F. was asked his name and that he responded with his name and an address. Nevertheless, Officer Andrews explained to the trial court that J.F.F. "had no identification on him" and that "[w]e had to establish his identity, so he was going to take earn [*sic*] down to police headquarters to be fingerprinted to see if his fingerprints matched up with the records downtown." J.F.F. was then arrested, handcuffed and searched. The cocaine was found during the course of the search.

In response to questioning by the trial court, Officer Andrews testified that after J.F.F. gave him his name and an address, the officers checked the information

"but nothing came back with Division of Transportation." The officer told the trial court that they "didn't go so far as to try to contact his parent." The trial court held that the officers had no authority to *arrest* J.F.F. for a curfew violation and that, therefore, the search incident to the arrest was unlawful. Accordingly, the trial court suppressed the cocaine.

## II.

As the trial court pointed out, the officers' initial stop of J.F.F. was lawful and appropriate. *See* sec. 968.24, Stats. ("[A] law enforcement officer may stop a person in a public place for a reasonable period of time when the officer reasonably suspects that such person is committing, is about to commit or has committed a crime, and may demand the name and address of the person and an explanation of his conduct."); *Terry v. Ohio,* 392 U.S. 1 (1968); *see also United States v. Sokolow,* 490 U.S. 1, 7 (1989) ("[T]he police can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause." (quoting *Terry,* 392 U.S. at 30)). The pat-down search for weapons was also lawful. *See Terry,* 392 U.S. at 23–27.

A search that is incident to a lawful arrest is valid. *United States v. Robinson,* 414 U.S. 218 (1973); *State v. Murdock,* 155 Wis. 2d 217, 227–228, 455 N.W.2d 618, 622–623 (1990). Although we independently review the trial court's findings of constitutional fact, *Murdock,* 155 Wis. 2d at 226, 455 N.W.2d at 621–622, we agree with the trial court that the arrest here was not lawful and, accordingly, the search of J.F.F.'s person as incident to

13

that unlawful arrest exceeded the scope of the officer's authority.

It is "unlawful for any person under the age of 17 years to congregate, loiter, wander, stroll, stand or play in or upon the public streets . . . in the city of Milwaukee . . . between the hours of 11 p.m. and 5 a.m. of the following day, official city time, unless accompanied by his or her parent, guardian or other adult person having his or her care, custody or control." Milwaukee Code of Ordinances 106-23. A person under the age of seventeen years who violates this curfew "shall be referred to the proper authorities as provided in ch. 48, Wis. Stats." Milwaukee Code of Ordinances 106-23(4).[2] The ordinance does not authorize the juvenile's arrest.[3] We thus turn to chapter 48, Stats., the Children's Code.

Under the Children's Code, a juvenile may be taken into custody for violating "a local ordinance" if the ordinance is "punishable by a forfeiture." Section 48.19(1)(d)8, Stats. Violation of ordinance 106-23 by a person under the age of seventeen years is not punishable by a forfeiture. The state argues that the ordinance

---

[2]Ordinance 106-23(1), (2), & (3) prohibits parents, operators of "places of amusement or entertainment," and lodging facilities from permitting curfew violations. Effective March 1, 1991, Ordinance 106-23(5) provides:

> PENALTY. Any person, firm or corporation violating this section upon conviction shall forfeit not less than $100 nor more than $200, and in default of payment thereof be confined in the county house of correction not more than 8 days.

Since this provision became effective after J.F.F.'s arrest, we need not decide whether it also applies to minors who violate the curfew.

[3]We do not consider the validity of an ordinance that may authorize a juvenile's arrest under circumstances where the juvenile could not be taken into custody under chapter 48, Stats.

should, nevertheless, "be construed as being an ordinance punishable by a forfeiture" using the following reasoning:

- The ordinance provides that a person under the age of seventeen years "shall be referred to the proper authorities as provided in ch. 48, Wis. Stats."

- The court assigned jurisdiction under chapter 48, Stats., has jurisdiction over "children aged 14 or older for violations of county, town or other municipal ordinances." Section 48.17(2), Stats.

- A juvenile adjudged guilty of having violated a municipal ordinance may be subject to a forfeiture "not to exceed $25." Section 48.343(2), Stats.

- Therefore, violation of the Milwaukee ordinance is "punishable by a forfeiture."

We disagree. In A.E. Housman's phrase, the state presents us with a "brook[ ] too broad for leaping." A.E. Housman, *A Shropshire Lad* canto 54 (1932).

■■■

Adopting the state's argument would rewrite section 48.19(1)(d)8, Stats., to provide that a child may be taken into custody if the child violates almost *any* ordinance, since a court assigned jurisdiction under chapter 48 is empowered to impose a forfeiture upon a juvenile violating any municipal ordinance, other than those prohibiting truancy.[4] By limiting the power to take juveniles into custody for ordinance violations that subject the juvenile

---

[4]Section 48.343(2), Stats., permits the court to impose a $25 forfeiture "[e]xcept as provided by ss. 48.342 and 48.344." Section 48.344, Stats., permits forfeitures in excess of $25 for violations of statutes and ordinances concerning alcohol or drugs. Section 48.342, Stats., does not authorize the imposition of a forfeiture for the violation of an ordinance prohibiting truancy.

to the possibility of a forfeiture, the legislature clearly wanted to reserve arrest to those circumstances that were deemed sufficiently serious by local authorities to warrant the imposition of a monetary penalty. We may not substitute our judgment in this regard for that of the legislature; we may not rewrite the statute. *See State v. Bruckner,* 151 Wis. 2d 833, 844, 447 N.W.2d 376, 381 (Ct. App. 1989). Nor may we rewrite the ordinance. The trial court's order must be affirmed. *See Illinois v. Krull,* 480 U.S. 340, 347 (1987) ("When evidence is obtained in violation of the Fourth Amendment, the judicially developed exclusionary rule usually precludes its use in a criminal proceeding against the victim of the illegal search and seizure.").[5]

*By the Court.*—Order affirmed.

---

[5]In an undeveloped argument that is not supported by the appellate record, the state alternatively argues that the cocaine was in "plain view." *See State v. Washington,* 134 Wis. 2d 108, 121–122, 396 N.W.2d 156, 161–162 (1986) ("Evidence in plain view is not restricted to items which can only be seen, but rather includes the realization of items or events to all of the human senses, smell, sight, touch, hearing and taste."). The cocaine was neither in plain view nor plain touch. The officers missed it totally on their initial pat-down for weapons. Thus, this case is not like *State v. Richardson,* 156 Wis. 2d 128, 145–150, 456 N.W.2d 830, 836–839 (1990), where the court upheld an extensive search of the defendant when an initial *Terry*-type pat-down revealed no weapons but gave the officer probable cause to believe that the defendant possessed contraband. Here, the cocaine was only discovered when J.F.F. was searched as incident to his curfew-violation arrest. Since the arrest was unlawful, the search incident to and occasioned by that arrest was unlawful as well.